Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5690 | **DATE** | 1/27/2004 |
| **CASE TITLE** | HSBC Bank USA vs. UAL Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, motion by appellee UAL Corp to dismiss HSBC Bank USA's appeal for lack of jurisdiction [5-1] is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 2 8 2004 date docketed | 10 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **DOCKETED** |
| UAL CORPORATION, et al., | ) | JAN 2 8 2004 |
| Debtors. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| Appellant, | ) | |
| v. | ) | No: 03 C 5690 |
| UAL CORPORATION, et al. | ) | Judge John W. Darrah |
| Appellees. | ) | |

## MEMORANDUM OPINION AND ORDER

UAL Corporation and multiple other debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code to effectuate a reorganization. HSBC Bank USA appealed to this Court from the denial of a Precautionary Motion for Relief from the automatic bankruptcy stay entered concerning certain indenture and bond agreements. Now before the Court is UAL's Motion to Dismiss HSBC's Appeal for Lack of Jurisdiction. For the following reasons, the motion is granted.

## BACKGROUND

On or about August 1, 1997, the California Statewide Development Authority ("CSDA") issued approximately $158,845,000 in CSDA Special Facilities Lease Revenue Bonds, 1997 Series A, on behalf of UAL. The proceeds of these bonds were to be used to finance the cost of various improvement projects at UAL's facilities at San Francisco International Airport (the

"SFO Projects"). Interest on these bonds is payable on April 1 and October 1 of each year.

The proceeds of these bonds were deposited into several accounts. One of these accounts, known as the "Construction Fund," was established with the Chase Trust Company of California, pursuant to an Indenture of Mortgage and Deed of Trust. HSBC, which has replaced Chase Trust Company of California, is now trustee of the Construction Fund.

On December 9, 2002, UAL filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code; and it continues to operate its business as debtors-in-possession. On March 21, 2003, before the April 2003 interest payment on the bonds, UAL filed an adversary complaint against HSBC. This complaint (the "Recharacterization Litigation") seeks, among other things, a declaration that certain agreements relating to the bonds, including the Indenture, constitute a disguised financing agreement. UAL sought this declaration from the bankruptcy court to clarify that UAL was not obligated to pay the interest and principal payments under certain agreements relating to the bonds, which are alleged to be disguised as bonds but are actually unsecured pre-petition debt dischargeable in bankruptcy. HSBC, to the contrary, contends that these agreements are unexpired leases that must be assumed or rejected in connection with the bankruptcy.

UAL also filed a motion for a temporary restraining order and a preliminary injunction, seeking to enjoin HSBC from enforcing any of the remedies under the various agreements relating to the bonds if UAL failed to make payments. UAL was concerned that, even though the Bankruptcy Code prohibited debtors from making interest payments on un-secured pre-petition debt, the nonpayment could nonetheless be improperly characterized as a default under some agreements relating to the Indenture governing UAL's use and occupation of certain facilities at

2

San Francisco International Airport. On March 31, 2003, the bankruptcy court entered an order, pursuant to the automatic stay provision of 11 U.S.C. § 362, enjoining HSBC from taking any action against UAL in connection with the bond agreements on account of any nonpayment by UAL on the bonds.

HSBC then filed the motion for relief from the automatic stay, which Chief Bankruptcy Judge Wedoff denied without prejudice. In ruling on HSBC's motion, Chief Judge Wedoff stated:

> The questions appear to me to be sufficiently complex that I am not comfortable in issuing a ruling right now that United has no interest in the funds that ought to be protected by the automatic stay pending a determination on more fuller consideration or more full consideration of what the various factors are that bear on the interpretation.

HSBC contends that even if United has a property interest in the Construction Fund monies, the bankruptcy court was still obligated to grant HSBC relief from the automatic stay under Section 362(d)(2).

## ANALYSIS

The Bankruptcy Code provides an automatic stay to prevent pre-petition creditors from taking any action to collect on their debts. 11 U.S.C. § 362; *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990). However, relief from the stay shall be given if the property at issue in the stay "is not necessary to an effective reorganization" of the debtor. 11 U.S.C. § 362(d)(2)(B). The code permits creditors to use a summary procedure to lift or otherwise modify the stay under certain conditions. The bankruptcy court is required to make a preliminary ruling within thirty days of the stay, and a final hearing must take place within thirty days after the conclusion of the preliminary hearing. 11 U.S.C. § 362(e); *In re Vitreous*, 911 F.2d at 1232.

> Even without a formal termination of the case, a bankruptcy court's order is final and appealable if it (1) resolves all contested issues on the merits and leaves only the distribution of the estate assets to be completed; (2) ultimately determines a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues; or (3) marks the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit by or against the trustee.

*BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068, at * 4 (N.D. Ill. Sept. 15, 2003) (*"BA Leasing"*) (internal citations and quotations omitted).

HSBC argues throughout its brief that the Seventh Circuit, in *In re Boomgarden*, 780 F.2d 657 (7th Cir. 1985), stated that decisions of the bankruptcy courts granting or denying relief from an automatic stay under § 362(d) are final and appealable. HSBC's position is based on the reference in the *Boomgarden* opinion to *In re American Mariner Indus.*, 734 F.2d 426, 429 (9th Cir. 1984), which concluded that the denial of relief from an automatic stay was final and appealable, but only after a full hearing by the bankruptcy court on the issues regarding the automatic stay.

However, the *Boomgarden* court only held "that the bankruptcy court's *lifting* of the automatic stay . . . was a final decision for the purposes of appellate review." *In re Boomgarden*, 780 F.2d at 660 (emphasis added). By lifting an automatic stay, the bankruptcy court allowed the secured party to sell the debtor's property. Under those circumstances, the bankruptcy court's ruling "end[ed] the litigation on the merits," thus, meeting the Seventh Circuit's test for finality, as stated in *BA Leasing*, 2003 WL 22176068, at * 4.

In this case, many important contested issues on the merits remain unresolved. The Bankruptcy Court must decide the rights of the parties to the monies in the Construction Fund. If

UAL has rights to those funds, the Bankruptcy Court must decide whether those funds are necessary to UAL's reorganization. In addition, HSBC has also raised several defenses based on its position that the Construction Fund constitutes a financial accommodation and a cash collateral that UAL cannot post a proper security to cover. Also, it cannot be said that HSBC's position in the bankruptcy litigation has been ultimately determined or that the equivalent of a stand-alone suit filed by HSBC has been concluded. Therefore, the Bankruptcy Court's order is not final and appealable.

Under 11 U.S.C. § 158(a)(3), district courts may, in their own discretion, grant parties leave to appeal non-final orders under exceptional circumstances. Courts in the Seventh Circuit apply the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under § 158(a)(3). *BA Leasing*, 2003 WL 22176068, at * 5. Section 1292(b) provides for appellate review of final orders when "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." "Generally speaking, leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *BA Leasing*, 2003 WL 22176068, at * 5 (internal quotations omitted).

Here, HSBC has not identified that any exceptional circumstances exist warranting this appeal. HSBC is not in danger of suffering an irreparable harm; it currently controls the monies in the Construction Fund, which are bearing interest. *See BA Leasing*, 2003 WL 22176068, at * 5. In addition, hearing an appeal now would waste judicial resources. The bankruptcy court and all interested parties would be prevented from resolving the Recharacterization Litigation based on a full consideration of the merits. Therefore, leave to file an "interlocutory" appeal is denied.

## CONCLUSION

For the foregoing reasons, UAL's Motion to Dismiss HSBC's Appeal for Lack of Jurisdiction is Granted.

Dated: January 27, 2004

JOHN W. DARRAH
United States District Judge